# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 02: 09-cr-0325 |
| | ) | |
| DAVID CURRAN, | ) | |
| BRADLEY BARNDT, | ) | |
| COSMO FAZIO, and | ) | |
| FRANCO BADINI, | ) | |
| | ) | |
| Defendants. | ) | |

## OMNIBUS PRETRIAL MOTIONS ORDER

Presently before the Court for disposition are numerous pre-trial motions (Document Nos. 342, 343, 348, 356, 359, 360, 361, 363, 483, 484, 489, 493, 494, and 495) which have been filed by the remaining Defendants[1] in this large drug conspiracy case. The government, with the Court's permission, filed an Omnibus Response to the motions (Document No. 521). The motions are now ripe for disposition.

Factual and Procedural Background

On March 30, 2010, a nine-count Superseding Indictment was returned by the Grand Jury which charged sixteen (16) defendants as follows: Count 1 of the Superseding Indictment charges all sixteen (16) Defendants with conspiracy to distribute and possess with intent to distribute five (5) kilograms or more of cocaine, from in or around January 2009 to on or about December 15, 2009, in violation of 18 U.S.C. § 846. Counts 2, 4, 6 and 8 of the Superseding Indictment charges Defendants David Curran (Counts 2, 4, 6) and Michael Lucerne

---

[1] All outstanding discovery motions filed by Defendants who have pled guilty or are scheduled to plead guilty (Document Nos. 200-205, 208-211, 497-499, and 501-502) are **DENIED AS MOOT**.

(Counts 2, 8) with distribution of a quantity of cocaine, on or about August 21, 2009 (Counts 2 and 4), October 3, 2009 (Count 6), and October 29, 2009 (Count 8), in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). Counts 3 and 7 of the Superseding Indictment charge Defendants Christopher Neiport (Count 3) and Joseph Sciarretti (Count 7) with possession with intent to distribute a quantity of cocaine, on or about August 21, 2009 (Count 3) and October 3, 2009 (Count 7), in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). Count 8 of the Superseding Indictment charges Defendant Jeffrey Kachmar with possession with intent to distribute a quantity of cocaine, and five (5) grams or more of cocaine base, in the form commonly known as crack, on or about September 3, 2009, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 841(b)(1)(B)(iii). Count 9 of the Superseding Indictment charges Defendant William Davis with possession of ammunition by a convicted felon on or about December 15, 2009, in violation of 18 U.S.C. § 922(g)(1).

To date, nine (9) defendants have pleaded guilty before this Court, two (2) additional defendants are scheduled to plead guilty in April, 2011, and one defendant is scheduled to plead guilt in May, 2011.[2]

Defendant David Curran has filed the following pretrial motions: Motion to Compel Production of *Brady* Materials (Document No. 483), Motion to Produce Evidence That The Government Intends to Use Under Federal Rules of Evidence 404(b) and 609 (Document No.

---

[2]Defendants Lucerne, Mele, Davis, Matthews, Rhominski, Kostishack, Kachmar, Sciarretti, and Quentin have pled guilty; Defendant Neiport is scheduled to plead guilty on April 18, 2011; Defendant Veazey is scheduled to plead guilty on April 22, 2011, and Defendant Ferrieri is scheduled to plead guilty on May 20, 2011.

484), and Motion for Disclosure of Promises of Leniency and/or Existence of Plea Bargain Agreements (Document No. 489).[3]

Defendant Bradley Barndt has filed the following pretrial motions: Motion for Discovery (Document No. 342-1), Motion for Bill of Particulars (Document No. 342-2), Motion for Government Agents and State and Local Law Enforcement Officers to Retain Rough Notes and Writing (Document No. 342-3), Motion to Disclose and Exclude Uncharged Misconduct Evidence (Document No. 342-4), Motion for Notice By the Government of Intention to Use Evidence Arguably Subject to Suppression (Document No. 342-5); Motion for Early Disclosure of Jencks Material (Document No. 343-1), Motion to Preserve Evidence (Document No. 343-2), Motion to Exclude Evidence of Defendant's Prior Convictions (Document No. 343-3), Motion for Leave to File Additional Pretrial Motions (Document No. 343-4), Motion to Require the Prosecution to Reveal Any Agreement, Concession or Grant of Immunity (Document No. 348), Motion for Discovery (Document No. 356), Motion for Notice to Use Evidence Arguably Subject to Suppression (Document No. 359), Motion to Disclose and Exclude Uncharged Misconduct Evidence (Document No. 360), Motion to Require Law Enforcement Personnel to Retain Rough Notes (Document No. 361), and Motion to Compel Disclosure of Plea Bargains, Preferential Treatment and Promises to Governmental Witnesses (Document No. 363).

Defendant Franco Badini has filed the following pretrial motions: Motion for Discovery (Document No. 493), Motion to Produce Evidence Which The Government Intends to

---

[3]Defendant David Curran's Motions to Suppress (Document Nos. 485, 486, 487, and 488), in which Defendant Cosmo Fazio has joined in Document No. 488, Defendant Bradley Barndt's Motion to Suppress Recordings of Electronic Surveillance (Document No. 362) and Defendant Franco Badini's Motion to Suppress Physical Evidence (Document No. 491) and Motion to Suppress Wire and Electronic Interception Evidence (Document No. 492) will be addressed by separate Order.

Use Under FRE 404(b) and 609 (Document No. 494), Motion to Compel Notice by the Government of Its Intention to Use Certain Evidence (Document No. 495), and Motion to Join in Pretrial Motions of Co-Defendants (Document No. 496).

Legal Analysis

The Court turns now to the pending motions. The Court has elected to follow the "grouping" methodology used by the government in its Omnibus Response as the most efficient and easiest to follow, for the convenience of all concerned.

    1.    <u>General Discovery Motions (Nos. 342-1, 356, and 493)</u>[4]

At the outset, the Court notes that the government has acknowledged its obligations under *Brady* and its progeny, Federal Rules of Criminal Procedure 12 and 16, and the Jencks Act.

The Court notes that it interprets relevant case law of the Court of Appeals for the Third Circuit as encouraging the early disclosure of all exculpatory evidence, including strictly impeachment evidence. *See United States v. Starusko,* 729 F.2d 256, 261 (3d Cir. 1984) (re-affirming appellate court's longstanding policy which encourages early production of *Brady* material); *United States v. Kaplan,* 554 F.2d 577, 578 (3d Cir. 1977) ("we disapprove and discourage a practice of delayed production"); *Government of the Virgin Islands v. Ruiz*, 495 F.2d 1175, 1179 (3d Cir. 1974) (encouraging "an affirmative policy of prompt compliance"). Local Criminal Rule 16(c) requires "subject to a continuing duty of disclosure, the government shall notify the defendant of the existence of exculpatory evidence, . . . ." For the purpose of

---

[4]Many of these motions seek information addressed in multiple categories below.

compliance with this Memorandum Order, "exculpatory evidence" as referenced in Local Criminal Rule 16(C) is defined by the Court based on case law as follows:

> all material information favorable to the accused because it tends to: (1) cast doubt on the defendant's guilt as to any essential element in any count in the indictment or information; (2) cast doubt on the admissibility of evidence that the government anticipates offering in its case-in-chief, that might be subject to a motion to suppress or exclude, which would, if allowed, be appealable pursuant to 18 U.S.C. § 3731; (3) cast doubt on the credibility or accuracy of any evidence that the government anticipates offering in its case-in-chief; or (4) diminish the degree of the defendant's culpability or defendant's Offense Level under the United States Sentencing Guidelines.

The Court is confident that the government is well aware of its due process continuing obligation to provide all exculpatory material in its files to Defendants, including *Brady / Giglio* impeachment evidence, and that it takes that obligation seriously and will faithfully discharge its duty without "tacking too close to the wind." *Kyles v. Whitley,* 514 U.S. 419, 439 (1995).

The government's obligation to make available pretrial discovery materials is governed primarily by Rule 16 of the Federal Rules of Criminal Procedure. Outside of Rule 16, the Jencks Act, and *Brady* and its progeny, however, a defendant has no general constitutional right to pretrial discovery. *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977). Those rights conferred by rule, statute, and case law cannot be used to compel the United States to disclose the minutia of its evidence, trial strategy, or investigation. *United States v. Fiorvanti,* 412 F.2d 407, 411 (3d Cir.), *cert. denied,* 396 U.S. 837 (1969).

The Court of Appeals for the Third Circuit has recognized that discovery in criminal cases is limited to those areas listed in Federal Rule of Criminal Procedure 16(a)(1), "with some

additional material being discoverable in accordance with statutory pronouncements and the due process clause of the Constitution." *United States v. Ramos,* 27 F.3d 65, 68 (3d Cir. 1994). Generally, these other areas are limited to the Jencks Act and materials available pursuant to the *Brady* doctrine. *Id.*

Defendants seek numerous categories of discovery, including information about the investigation, statements, documents and objects to be used as evidence against each individual Defendant, expert reports, and scientific evidence. The government objects to any efforts to expand its discovery and/or disclosure duties. The government represents that it "has complied with its discovery obligations under Rule 16 and will continue to do so if or when it receives additional information within the scope of Rule 16." Resp. at 2. Accordingly, to the extent not directly addressed below, Defendants' discovery motions will be **DENIED WITHOUT PREJUDICE** to reassert in the context of a specific alleged breach by the government. The Court notes that Defendants will also have the opportunity to file appropriately targeted motions in limine.

The government has made a request for reciprocal discovery subject to disclosure pursuant to Federal Rule of Criminal Procedure 16(b)(1). *See* Omnibus Response at 2. **The Court ORDERS Defendants to provide the government with the requested reciprocal discovery at least fourteen (14) days from the date of this Order.**

The Court turns now to the various categories of information sought by one or more of the Defendants.

2. *Brady/Giglio* Information (Document Nos. 342-1, 348, 356, 363, 483, 489, 493)

Defendants seek early disclosure of impeachment material pertaining to the government's anticipated trial witnesses and/or non-witness declarants whose statements are to be offered into evidence. The government has represented that it has complied with its *Brady* obligation in this case, and acknowledges its continuing duty to make *Brady* disclosures. Based on this representation, and for the reasons set forth below, Defendants' requests for *pure- Brady* material are **DENIED WITHOUT PREJUDICE**. The government is reminded of the mandate from our appellate court that "prosecutors have an obligation to make a thorough inquiry of all enforcement agencies that ha[ve] a potential connection with the[ir] witnesses. *United States v. Risha*, 445 F.3d 298, 304 (3d Cir. 2006) (*citing United States v. Thornton*, 1 F.3d 149, 158 (3d Cir. 1993)). *See also United States v. Reyeros,* 537 F.3d 270, 281 (3d Cir. 2008).

The government has also represented that it "intends to provide whatever *Brady/Giglio* information that may exist and that has not already been disclosed to the trial defendants sufficiently in advance of trial to allow them to make effective use of the information." Defendants request that all *Brady* material be disclosed no later than sixty (60) days prior to trial. Other than representing that the information will be disclosed "sufficiently in advance of trial," the government did not provide any time frame for its disclosure. Accordingly, the Court **ORDERS that the Government shall provide to defense counsel for the trial defendants with copies of any *Brady/Giglio* impeachment information not previously disclosed at least fourteen (14) days in advance of the commencement of trial**.

3. Jencks Information (Document No. 356 and 493)

Similarly, the government has also acknowledged its responsibility to provide Jencks information pursuant to 18 U.S.C. § 3500 and Federal Rule of Criminal Procedure 26.2. The government asserts that it "intends to provide whatever Jencks information that has not already been disclosed to the trial defendants before the trial begins as it customarily does." Resp. at 3.

The Court is cognizant of the fact that such information, to the extent it exists, is clearly discoverable and should be voluntarily disclosed to the defendant "in sufficient time for its effective use at trial." *United States v. Higgs*, 713 F.2d 93, 44 (3d Cir.), *cert. denied,* 464 U.S. 1048 (1984) (holding that with respect to impeachment-type *Brady* material the defendant's right to a fair trial will be fully protected if disclosure is made the day that the witness testifies). A district court cannot compel early disclosure of Jencks material. *See United States v. Murphy,* 569 F.2d 771, 773 (3d Cir.), *cert. denied,* 435 U.S. 955 (1978). However, the Court strongly encourages the government to produce all Jencks Act material in sufficient time to avoid delays at trial.

4. Rule 404(b) and 609 Information (Document Nos. 342-4, 343-3, 360, 484, 494 and 495)

Defendants have requested the disclosure of evidence of other crimes, wrongs or acts that the government intends to introduce at trial, pursuant to Fed. R. Evid. 404(b). The government has stated that it "intends to provide whatever Rule 404(b) information that has not already been disclosed to the trial defendants in advance of trial as required by the rule." Resp. at

4. The government did not respond to Defendants' request for disclosure of Rule 609 information.

Rule 404(b) requires reasonable notice in advance of trial and the Court finds that fourteen (14) days in advance of the commencement of trial appears to be reasonable under the circumstances. **Accordingly, the Court ORDERS that the Government shall provide to defense counsel for the trial defendants notice of any 404(b) or 609 evidence it intends to introduce at trial at least fourteen (14) days in advance of the commencement of trial**.

5. <u>Names, Addresses, and Statements of Government Witnesses (Document No. 342-3, 493</u>)

To require disclosure at this time of the requested information is tantamount to having the government identify its witnesses. Under the law, the government is not obliged to provide a witness list in a non-capitol case, except in conformity with the Jencks Act, which requires the government to provide the defense with statements of witnesses that the government intends to call at trial. The government has acknowledged its responsibilities under the Jencks Act. Accordingly, Defendants' request is **DENIED WITHOUT PREJUDICE.**

6. <u>Statements of Co-Conspirators (Document No. 342-1)</u>

Defendant Barndt requests production of statements of "[a]ny and all joint venturers and/or accomplices and/or persons otherwise considered to be co-conspirators [], whether indicted or unindicted, which the Government intends to introduce at trial where these statements would be attributable to Defendant under Federal Rules of Evidence 801(d)(2)(E).

Rule 802(d)(2)(E) does not have an advance notice requirement if the government elects to introduce evidence under this rule. Generally, the statements of third parties, whether alleged co-conspirators, prospective government witnesses, or individuals whose statements can be attributed to a defendant for evidentiary purposes, are not automatically subject to pretrial disclosure under Federal Rule of Criminal Procedure 16(a)(1)A) as "statements of defendant." The statements made by co-conspirators who will testify at trial are governed by the Jencks Act. Because the Jencks Act does not allow the Court to order the disclosure of statements of prospective government witnesses prior to trial, the Court cannot order the government to produce to Defendants at this time statements of co-conspirators who will testify at trial. Accordingly, the Defendants' request for statements of testifying co-conspirators is **DENIED WITHOUT PREJUDICE.**

As to non-testifying co-conspirators, the government is not required to disclose the statements of non-testifying co-conspirators unless those statements qualify as *Brady, Giglio*, or Jencks material. *See United States v. Williams-Davis,* 90 F.3d 490 (D.C. Cir. 1996); *United States v. Orr*, 825 F.2d 1537 (11th Cir. 1987). Accordingly, the Defendant's request for statements of non-testifying co-conspirators is **DENIED WITHOUT PREJUDICE**.

7. Negative "Exculpatory Statements" (Document Nos. 356, 483, and 493)

Defendants make broad requests for the production of "negative exculpatory" statements - those which do not implicate the defendant. If the government were required to turn over any statement of a witness that did not fully incriminate the defendant(s), it would be required to report statements of virtually any witness it did not intend to call at trial. This clearly

does not reflect the law in this circuit. *Brady* requires the production of material information which is favorable to the accused, that is exculpatory information, not information which is merely not inculpatory. Defendants' request is **DENIED.**

        8.      <u>Evidence Arguably Subject to Suppression</u> (Document Nos. 342-5, 359, 495)

Defendants seek disclosure of any evidence that the government intends to introduce at trial which may be subject to suppression. The government responds that it has already disclosed all such evidence to Defendants and that it is not aware of any additional evidence. Indeed, the Court notes that various Defendants have filed motions to suppress evidence. The Court will accept the government's representation. Accordingly, the motions are **DENIED AS MOOT**.

        9.      <u>Bills of Particulars</u> (Document Nos. 342-2)

Federal Rule of Criminal Procedure 7(f) provides as follows:

> The court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires.

Fed. R. Crim. P. 7(f).

A district court has broad discretion in granting or denying a criminal defendant's motion for a bill of particulars. *United States v. Rosa,* 891 F.2d 1063, 1066 (3d Cir. 1989); Fed. R. Crim. P. 7(f). Among the purposes of a bill of particulars is to inform the defendant of the nature

of the charges brought against him or her so that the defendant is able to adequately prepare a defense. *United States v. Addonizio,* 451 F.2d 49, 63 (3d Cir.), *cert. denied*, 40 U.S. 936 (1972). The Court of Appeals for the Third Circuit has instructed that a district court should grant a motion seeking a bill of particulars when an indictment's failure to provide factual or legal information "significantly impairs the defendant's ability to prepare his defense or is likely to lead to prejudicial surprise at trial." *Rosa*, 891 F.2d at 1066. However, a defendant is not entitled to general discovery of the government's case, evidence or witnesses. *United States v. Armocida,* 515 F.2d 49, 52 (3d Cir.), *cert. denied,* 423 U.S. 858 (1975).

A bill of particulars should reveal "only the minimum amount of information necessary to permit the defendant to conduct his own investigation." *United States v. Smith*, 776 F.2d 1104, 1111 (3d Cir. 1985). In ruling on a request for a bill of particulars, the Court should consider all information that has been disclosed to the defendant in the course of the prosecution, whether or not included in the indictment. *United States v. Kenny*, 462 F.2d 1205, 1212 (3d Cir.), *cert. denied,* 490 U.S. 914 (1972).

In exercising its discretion in this case, the Court concludes that a bill of particulars is not warranted. The government has provided substantial pretrial disclosures, the Superseding Indictment adequately apprises Defendants of the pending charges, and the alleged drug conspiracy is straight-forward and of relatively short duration. Although there are numerous alleged co-conspirators, it is not incumbent upon the government to prove the role(s) played by each Defendant. *United States v. Boffa*, 513 F. Supp. 444, 485 (D. Del. 1980) (citations omitted). Accordingly, the motion for a bill of particulars is **DENIED.**

10. <u>Law Enforcement Notes (Document Nos. 342-3 and 361)</u>

Defendants have sought preservation of the "rough notes" taken by law enforcement agents. The government did not specifically respond to this request.

The Court of Appeals for the Third Circuit requires that the government retain rough notes and writings. In *United States v. Ramos*, 27 F.3d 65, 68-69 (3d Cir. 1994), the Court reaffirmed its prior directives that the government preserve all notes of interviews with witnesses in criminal cases and rough drafts of investigative reports. *Id*. (*citing United States v. Vella*, 562 F.2d 275, 276 (3d Cir.1977); *United States v. Ammar,* 714 F.2d 238, 258-59 (3d Cir.), *cert. denied,* 464 U.S. 939 (1983)). Therefore, **all law enforcement officers in this case are hereby ORDERED to retain their rough notes and any other evidence relating to interviews of alleged co-conspirators, confidential informants, and/or cooperating witnesses.**

11. <u>Identification of Intercepted Communications (Document No. 356)</u>

Defendant Barndt has requested "[a] list of exactly which, if any, intercepted communications the Government will offer against Defendant." Document No. 356 at ¶ (p). The government did not specifically respond to this request. Ordinarily, the list requested by Defendant would be disclosed in the government's exhibit list. However, in recognition of the volume of intercepted telephone calls, the Motion is **GRANTED and the government is ORDERED to provide a list to defense counsel of the audio and text files that it intends to use in its case-in-chief (along with a transcript) at least one month prior to trial.**

12. <u>Leave to File Additional Motions (Document No. 343-4)</u>

Defense counsel seek leave to file additional discovery motions in response to evidence newly-produced by the government. As the government's production and disclosures are ongoing, Defendants are entitled to challenge the newly produced information. However, Defendants will not be permitted to raise tardy challenges to information that was disclosed by the government prior to the pretrial motions deadline. In accordance with the foregoing, the motions for leave to challenge newly provided information are **GRANTED**.

13. <u>Motion to Adopt Motion(s) of Other Defendant (Document No. 496)</u>

Defendant Badini requests that he be permitted to join in "any pretrial motions filed by his co-defendants at any time to the extent it is applicable to him." Mot. at 2. The Motion is **GRANTED** as to the Motion of co-defendant, David Curran, Motion to Suppress Wire and Electronic Interceptions (Document No. 488) **only.**

So **ORDERED** this 12th day of April, 2011.

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc: Craig W. Haller,
Assistant U.S. Attorney
Email: craig.haller@usdoj.gov

Warner Mariani, Esquire
Email: marianilaw@mac.com

Stephen Israel, Esquire
Israel & Specter
Email: ispeclaw@fyi.net

Mark D. Lancaster, Esquire
Email: mdlcrimlaw@gmail.com

Marvin A. Miller, Esquire
Email: mmlaw4you@aol.com

Lee M. Rothman, Esquire
Email: DifenderferRothmanHaber@yahoo.com

Stephen F. Capone, Esquire
Email: StephenCapone@GMail.com

Michael P. O'Day, Esquire

Law Offices of Michael O'Day
Email: mpolaw@hotmail.com

Thomas W. Brown, Esquire
Email: montour@aol.com