# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | )<br>)<br>)    2: 09-cr-00325<br>) |
| v. | )<br>) |
| DAVID CURRAN, BRADLEY BARNDT,<br>and FRANCO BADINI | )<br>) |

## MEMORANDUM ORDER OF COURT

Presently before the Court is the RULE 44(c) MOTION FOR HEARING TO INQUIRE INTO JOINT REPRESENTATION filed by the government (Document No. 550), the RESPONSE filed by Defendant David Curran (Document No. 551), the RESPONSE filed by Defendant Franco Badini, and the REPLIES filed by the government (Document Nos. 552 and 556). Defendant Barndt filed a NOTICE that he will not be filing a brief in response to the Motion for Rule 44(c) Hearing (Document No. 557).

After due consideration, for the following reasons the Motion for a Rule 44(c) hearing will be denied.

Defendants David Curran, Bradley Barndt, and Franco Badini, along with thirteen (13) other co-defendants, have been charged with conspiracy to distribute and possess with intent to distribute five (5) kilograms or more of cocaine from in or around January 2009 to in or around November 2009, in violation of Title 21, United States Code, § 846.

On December 17, 2009, Magistrate Judge Lisa Pupo Lenihan appointed Attorney Stephen Israel to represent Defendant Bradley Barndt. On December 21, 2009, Magistrate Judge Amy Reynolds Hay appointed Attorney Warner Mariani to represent Defendant David Curran. On April 9, 2010, Magistrate Judge Cathy Bissoon appointed Attorney Stephen H. Begler to

represent Defendant Franco Badini. By Order of April 23, 2010, Attorney Begler was permitted to withdraw as attorney for Defendant Badini because Defendant Badini had privately retained Attorney Lee Rothman to represent him. None of these criminal defense attorneys are associated with one another in the private practice of law.

A hearing on pretrial motions filed by Defendants was scheduled and conducted by the Court on April 13, 2011. Each of the named Defendants was present in person and each of the referenced attorneys formally entered an appearance on the record on behalf of the respective Defendants as above referenced, *i.e.*, Attorney Mariani on behalf of Defendant Curran; Attorney Israel on behalf of Defendant Barndt; and Attorney Rothman on behalf of Defendant Badini. After initial remarks of the Court and statements of counsel for the government and each defendant, it developed that the only testimony and evidence to be presented at the hearing related to motions to suppress evidence of two (2) separate vehicle traffic stops which exclusively involved only one of the three defendants, David Curran. Defendants Barndt and Badini, with their attorneys, remained at counsel table as the hearing proceeded.

During the direct examination of the government's first witness, Pennsylvania State Trooper David Scott Emery, the Court observed Attorney Rothman stand, walk over to Attorney Mariani, and speak something into his ear, in response to which Attorney Mariani appeared to nod. Attorney Rothman returned to his seat at counsel table. Later, during Attorney Mariani's cross-examination of Trooper Emery and/or Sergeant Anthony DeLuca, Attorney Rothman again stood, walked over to Defendant Curran, and appeared to briefly converse with him, and again returned to his seat. Attorney Mariani, without apparent reaction, continued with his cross-examination.

The government raised the issue of possible joint representation of Defendant David Curran after the pretrial motions hearing. In its motion, the government indicates that Attorney Rothman has represented his current client, Mr. Badini, in the past on other charges, as well as "acted on behalf of Mr. Barndt in 2009 relative to a probation issue." Additionally, Attorney Rothman has also represented Defendant Curran in the past on other charges, and during the time period of the instant federal conspiracy investigation and charge, Attorney Rothman communicated with members of the Pennsylvania State Police and the United States Attorney's office on behalf of Defendant Curran. The government specifically requests that "in light of Mr. Rothman's history acting on Mr. Curran's behalf and his communication with Mr. Curran during the motions hearing while he was representing Mr. Badini and while Mr. Mariani was examining witnesses on Mr. Curran's behalf, it would be prudent for an inquiry to be made into whether de facto joint representation is occurring." Mot. at ¶ 9.

Both Attorneys Mariani and Rothman formally responded to the government's motion and both adamantly deny that Attorney Rothman has represented or advised Defendant Curran regarding the charges pending against him in this case. Both attorneys acknowledge that Attorney Rothman spoke to Defendant Curran during the hearing, but only after Attorney Mariani was consulted and granted permission.

Federal Rule of Criminal Procedure 44(c) provides as follows:

**(c) Inquiry into Joint Representation**

**(1) Joint Representation.** Joint representation occurs when:

**(A)** two or more defendants have been charged jointly under Rule 8(b) or have been joined for trial under Rule 13; and

**(B)** the defendants are represented by the same counsel, or counsel who are associated in law practice.

> **(2) Court's Responsibilities in cases of Joint Representation.** The court must promptly inquire about the propriety of joint representation and must personally advise each defendant of the right to the effective assistance of counsel, including separate representation. Unless there is good cause to believe that no conflict of interest is likely to arise, the court must take appropriate measures to protect each defendant's right to counsel.

Fed.R.Crim.P. 44(c).

The Court finds and rules that the factual situation circumscribed by Rule 44(c) simply does not exist in this case. Defendant Curran has not retained Attorney Rothman to represent him; rather, Defendant Curran has been and continues to be represented exclusively, as he has from the time of his arraignment in this case, by court appointed attorney Warner Mariani; Defendant Badini is represented solely by Attorney Rothman.

Further, during a supplemental oral argument on the referenced motions to suppress conducted before this Court on May 18, 2010, at which the presence of only Defendant Curran was required, he was represented exclusively by Attorney Mariani. The Court specifically inquired of Attorney Mariani (i) whether Attorney Rothman was going to be present and (ii) whether Attorney Rothman represented Defendant Curran in any manner whatsoever in this case. Attorney Mariani responded he did not know if Attorney Rothman was going to be present and that Attorney Rothman had no involvement in the representation of Defendant Curran in this matter. Attorney Rothman did not appear for the argument and he had confirmed by telephone to Chambers that morning that he would not be present as the matters at issue did not involve his client, Franco Badini. Likewise, Attorney Mariani stated that, to his knowledge, Attorney Israel was not going to be present and that he likewise was in no way involved in the representation of Defendant Curran.

For these reasons, the Court finds that no joint representation of Defendant Curran has occurred by and/or between Attorneys Mariani and Rothman and there is no need for a hearing to further develop the record on this issue.  Further, the Court finds that there has been no compromise in the representation of Defendant Badini by Attorney Rothman in this matter.

So **ORDERED** this 24th day of May, 2011.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc: Craig W. Haller,
Assistant U.S. Attorney
Email: craig.haller@usdoj.gov

Warner Mariani, Esquire
Email: marianilaw@mac.com

Stephen Israel, Esquire
Israel & Specter
Email: ispeclaw@fyi.net

Lee M. Rothman, Esquire
Email: DifenderferRothmanHaber@yahoo.com