IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | )   2:09-cr-0325 |
| vs. | ) |
| | ) |
| DAVID CURRAN, | ) |
| BRADLEY BARNDT, and | ) |
| FRANCO BADINI | |

**MEMORANDUM AND ORDER OF COURT**

Presently pending before the Court is the MOTION IN LIMINE filed by the government (Document No. 654), the RESPONSES in opposition filed by Defendants David Curran (Document No. 657), Franco Badini (Document No. 660), and Bradley Barndt (Document No. 666), and the REPLIES filed by the government (Document Nos. 663 and 669). The Motion has been fully briefed and is ripe for disposition.[1]

**I.  Authorization to Recall Witnesses to Provide Chronological Testimony**

Pursuant to Fed. R. Evid. 611(a), the government seeks authorization to recall certain law enforcement officers during the prosecution's case-in-chief to allow for the chronological presentation of evidence. Without objection, this request is **GRANTED**. After each appearance, Defendants will have the opportunity to cross-examine the officer on the subject of the particular appearance and on credibility, and, after the officer's final appearance, the officer will be subjected to cross-examination concerning all of his testimony, subject to Fed.R.Evid 403, *i.e.* considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

---

[1] The parties are reminded that the decision of the Court on a motion in limine is preliminary in nature and subject to change depending on the development of evidence at trial, on cross-examination and rebuttal.

## II.  Authorization for the Presence of Two Agents at Counsel Table

Pursuant to Fed. R. Evid. 615, the government seeks authorization for the presence of two detectives, Dominic Falascino and Eric Harpster, at counsel table.  Without objection, this request is **GRANTED.**

## III.  Authorization for the Jury to Use a Non-Networked Computer During Deliberations to Review Audio Recordings

The government has requested that the jury be authorized to use a non-networked, clean laptop computer to review the audio recordings of intercepted communications to be admitted during trial.  Defendants Barndt and Badini have objected to a "pre-trial determination" on this issue.  Defendants argue that, prior to deliberations, a determination must be made as to which exhibits will go to the jury during its deliberations and that the jury must request to re-listen to the recordings before the recordings should be made available.  The government responds that the jury "should not have to make a specific request to re-listen to audio recordings  that have been admitted into evidence any more than they should have to make a specific request to review photographs or documents that have been admitted into evidence."  Govt's Reply at 1.

The Court finds that it would be premature at this time to make a pretrial definitive ruling on this issue before any evidence has been admitted.   Therefore, the Court has under advisement the government's request and is receptive to the suggestion that the jury be provided with a non-networked computer during its deliberations.  The Court also recognizes concerns of the Defendants about the potential unfettered access to the audio recordings by the jury.  At this time, a definitive ruling on the Motion is held in abeyance pending evidentiary developments at trial.

## IV. Authorization For the Jury to Use Transcripts During Deliberations

The government seeks authorization for the jury to utilize the transcripts of the intercepted audio recordings during its deliberations when it reviews the corresponding audio recordings. While Defendants do not seem to object in principle to the government's request, all three defendants raise the same objections: the government's request should be denied unless and until (i) those transcripts are property authenticated and shown to contain the accurate content of the intercepted calls; (ii) it is determined that the jury is permitted to listen to the audio recordings during deliberations; and (iii) the jury is properly instructed that the transcripts are listening aids only and not the actual evidence of the English calls.

The government responds that it agrees that the transcripts should be authenticated and accurate prior to being utilized by the jury during deliberations. It further represents that the transcripts are accurate and will be properly authenticated prior to utilization by the jury. According to the government, the transcripts of the intercepted calls were provided to counsel for each of the Defendants during the last week of June 2011. To date, neither the Court nor the government has received any objections or suggested corrections or alternative transcripts from any of the defendants.

Assuming, without deciding at this time, that the transcripts are accurate representations of the intercepted telephone calls, that the transcripts will be properly authenticated, and that the jury will be permitted to listen to the audio recordings during deliberations, the Motion will be provisionally **GRANTED** and the jury will be permitted to utilize the transcripts as a guide when listening to the recordings during deliberations. The Court will provide the appropriate cautionary instructions to the jury at trial to guard against any potential prejudice or jury confusion that reference to the transcripts may engender. Specifically, the Court will instruct the

jury that the written transcripts of the English audio recordings are not evidence and if any differences arise between what the jury hears on the recordings and what the jury reads in the transcripts, the jury must rely on what it heard, not what it read.

With respect to the written transcripts of the Bosnian audio recordings, the Court will instruct the jury that the transcript(s) reflect an accurate translation of the foreign language tape recording(s), that the transcript(s) have been admitted into evidence, and that the jury must accept the English translation set forth in the transcript(s) and disregard any different meaning.

### V.  No Defense Questioning or Comment Regarding Excluded Evidence

The genesis of this request appears to be the concern of the government with respect to the possible cross examination of one of its potential witnesses, Shane Hennen.  Defendant Franco Badini previously filed two motions to suppress in which he sought to exclude evidence seized during the execution of search warrants at Erwin Place and Railroad Street, two residences located in McKees Rocks, PA, and during electronic surveillance of his telephone during October and November 2009.  In response to the suppression motions, the government represented in writing that the motions were moot because the government would not be utilizing during trial the evidence that was the subject of these motions.  The government again verbally confirmed to the Court and defense during oral arguments on April 13, 2011, that it did not "intend to present any evidence either from the electronic surveillance of a telephone used by Mr. Badini or of any evidence that was found at -- 203 Irwin (sic) Place…."  Transcript at 9.

In its motion, the government requests an order "prohibiting the defendants from commenting upon or questioning witnesses in any way about the excluded evidence or how it was obtained."  Govt's Mot. at 14.  However, as Defendant Badini correctly notes, the Court

never made a judicial determination that this evidence was or should be excluded. According to Defendant Badini, this evidence "is now highly relevant as to the credibility of Government witness Shane Hennen." Badini Resp. at 2.[2]

The Court finds that it would be premature to rule on the parameters of any potential cross examination until the direct evidence is actually proffered in the context of the trial. Such ruling must await the development of an appropriate context at trial. The parties are reminded that this evidence may become admissible depending on the cross examination and the need for rebuttal. For this reason, the Motion will be **DENIED WITHOUT PREJUDICE**.

### VI.  No Cross-Examination Regarding Past Arrests or Dismissed Charges or Non-Qualifying Convictions Under Rule 609

Pursuant to Fed. R. Evid. 609, the government moves for an Order that would preclude the defense, "[u]nless there is some other articulable, good faith basis for attempting to impeach a witness about prior arrests, dismissed charges, acquittals, non-qualifying convictions, or underlying factual bases, no witness should be cross-examined in any manner about such subjects." Govt's Motion in Limine at 16.

Only Defendant Barndt has filed an objection to this request. Defendant Barndt argues that the request is "irrelevant, highly prejudicial and the Government has not met the requirements of Rule 609." Barndt Resp. at 2.

---

[2] In its Notice of Intent to Present Evidence Under Federal Rule of Evidence 404(b), the government states that it intends to present evidence that throughout 2007 and 2008, Defendant Badini regularly supplied various quantities of cocaine to Shane Hennen and that on December 2, 2009, Defendant Badini directed Mr. Hennen to a house at 826 Railroad Street in McKees Rocks for the purpose of pressing of a quantity of cocaine Mr. Hennen had acquired earlier that day.

Rule 609 specifically addresses "impeachment by evidence of <u>conviction</u> of crime." It does not address any attempt to impeach a witness about prior arrests, dismissed charges, acquittals, non-qualifying convictions or underlying factual bases. Accordingly, the Motion will be **GRANTED** insofar as it seeks to preclude the introduction of evidence of past arrests, dismissed charges, acquittals, non-qualifying convictions or underlying factual bases for the purpose of impeachment under Rule 609. To the extent that Defendants may seek to introduce such evidence for a purpose other than impeachment under Rule 609, the Court will consider the admissibility of such evidence at the time of trial.

So **ORDERED** this 4th day of August, 2011.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge


cc: Craig W. Haller
Assistant U.S. Attorney
Email: craig.haller@usdoj.gov

Warner Mariani, Esquire
Email: marianilaw@mac.com

Stephen Israel, Esquire
Israel & Specter
Email: ispeclaw@fyi.net

Lee M. Rothman, Esquire
Email: DifenderferRothmanHaber@yahoo.com