IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| | ) | 2:09-cr-0325 |
| vs. | ) | |
| | ) | |
| DAVID CURRAN, | ) | |
| BRADLEY BARNDT, and | ) | |
| FRANCO BADINI | ) | |

**MEMORANDUM AND ORDER OF COURT**

Presently pending before the Court are the following:

(i) the MOTION IN LIMINE filed by Defendant, David Curran (Document No. 657) and the RESPONSE filed by the government (Document No. 662), and

(ii) the UNITED STATES NOTICE OF INTENT TO PRESENT EVIDENCE UNDER FEDERAL RULES OF EVIDENCE 404(b) AND 609 (Document No. 655), the RESPONSES filed by Defendants Franco Badini (Document No. 661), and Bradley Barndt (Document No. 667), and the REPLIES filed by the government (Document Nos. 664 and 670).

## I. Motion in Limine filed by David Curran[1]

1. <u>Halfway House</u>

The government has stated that it intends to present evidence that "even though Mr. Curran and Bradley Barndt resided in different counties in 2009, they knew each other from the time they spent together at a halfway house in Allegheny County prior to 2009." The government argues that this information will be evidence of identity and opportunity (i.e., that

---

[1] The parties are reminded that "[A] ruling [in limine] is subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the proffer. Indeed, even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling." *Luce v. United States,* 469 U.S 38, 41 (1984). Thus, an order on a motion in limine is essentially an advisory opinion, "merely speculative in effect." *Id*. at 41.

Mr. Curran and Mr. Barndt were quite familiar with each other in 2009 and are not two random people from different counties whose only association is their inclusion in the same federal indictment." Resp. at 1. Curran objects to this evidence arguing that evidence of his prior incarceration with Barndt is of little probative value as to whether Curran participated in the charged drug conspiracy.

First, as a preliminary matter, the Court is not convinced that the fact that Curran and Barndt were incarcerated together prior to 2009 in a halfway house qualifies as "other bad act" evidence under Fed.R.Evid. 404(b). However, even if such evidence would qualify as 404(b), under Rule 402, prior bad acts must also be relevant to an issue at trial. Rule 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401.

Assuming, *arguendo*, that the proposed 404(b) evidence is both relevant and probative of something other than Defendant's character, the Court may not admit the evidence "if its probative value is substantially outweighed by the danger of unfair prejudice . . . ." Fed.R.Evid. 403. The Court finds that under the Rule 403 balancing test, the probative value, if any, of the fact that Curran and Barndt were incarcerated together in a halfway house prior to 2009 is substantially outweighed by its prejudicial effect. It seems likely that the government will have little difficulty being able to establish that Curran and Barndt have known each other prior to 2009 without referencing their time incarcerated together in a halfway house. However, the Court recognizes that the evidence may be admissible at trial based on evidence and testimony adduced on direct, cross examination or on rebuttal. Thus, the Defendant's request to exclude such evidence will be **GRANTED WITHOUT PREJUDICE**.

2

2. <u>Firearm Possession</u>

Defendant Curran objects to the introduction by the government of any evidence that he possessed firearms to further his cocaine distribution business, especially when no firearms charges are set forth in the Superseding Indictment. As the Government correctly suggests, however, possession of a firearm may be relevant to a charge of drug distribution because firearms are known to be "tools of the trade" of drug distribution. *United States v. Russell*, 134 F.3d 171, 183 (3d Cir. 1998) ("[I]t has long been recognized that firearms are relevant evidence in the prosecution of drug-related offenses, because guns are tools of the drug trade."); *United States v. Goodnight*, 67 Fed. Appx. 677, 681 (3d Cir. 2003) ("Moreover, gun possession may serve as circumstantial evidence from which a jury can infer drug activity.") The Government has stated that testimony and/or evidence in this case will support the assertion that Defendant Curran or the members of the conspiracy used firearms in furtherance of their drug-distribution endeavors. Accordingly, the request of Defendant Curran to exclude evidence that he possessed firearms to further his cocaine distribution business will be **DENIED.**

3. <u>Use of Marijuana</u>

Defendant Curran objects to the introduction by the government of any evidence that during 2009 he consumed marijuana that he received from various associates and occasionally shared it with others. Curran argues that evidence of the his "pot smoking" is extremely prejudicial. The government responds that "[t]he timing and nature of Mr. Curran's marijuana-related activities and references proves that he was predominantly engaged in cocaine trafficking, not marijuana trafficking, during 2009." Resp. at 3. The government intends to

3

submit this evidence under Rule 404(b) to establish the identity of the narcotic Mr. Curran was supplying to Mr. Barndt and Mr. Badini as well as his motive and intent to distribute, as opposed to consume, cocaine." Resp. at 4. At this preliminary stage, the Court concludes that the fact that Curran consumed marijuana during 2009 has minimal probative value in this cocaine-conspiracy case and any probative value it may have is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. The Court finds that the government has not advanced a persuasive argument to establish that Curran's marijuana use falls within any of the exceptions set forth in Rule 404(b). Thus, the request of the Defendant to exclude any evidence that Curran used marijuana during 2009 is provisionally **GRANTED WITHOUT PREJUDICE**.

4.    Prior Cocaine Distribution

The government has indicated its intent to present evidence that in late 2007 or 2008 Curran supplied an unindicted associate with cocaine and that some of the members of the conspiracy charged in the instant superseding indictment also received cocaine from Curran prior to the time period charged in the superseding indictment. Defendant Curran argues that any evidence that "the Defendant distributed cocaine outside of the scope of the conspiracy charged in this case should not be permitted because it adversely reflects on the Defendant's character, does not bear upon a relevant issue in the case such as motive, opportunity, or knowledge, and is violative of Rule 404(b)." Mot. at 3, ¶ 11.

There is no question that the United States Court of Appeals for the Third Circuit has stated on multiple occasions that prior instances of drug distribution, established through a conviction or otherwise, are relevant to whether a defendant had an intent to distribute a

controlled substance as charged in an indictment. *See United States v. Lee,* 573 F.3d 155, 158, 166 (3d Cir. 2009) ("[t]he [defendant's] prior drug trafficking conviction was properly admitted as evidence that [the defendant] intended to distribute any drugs in his possession); *United States v. Staten*, 181 Fed. Appx. 151, 155 (3d Cir. 2006)(unpublished opinion) ("Where intent is an essential element of the crime charged, we have reasoned that evidence of prior similar conduct is relevant to show intent because as a matter of logic, it is at least marginally more likely that [a] defendant acted intentionally if he had previous experience with the same or similar conduct.")

The Court finds that Defendant's reliance on *United States v. Boyd*, 595 F.2d 120 (3d Cir. 1978) is misplaced. In that case, the United States Court of Appeals for the Third Circuit upheld the decision of the trial court to exclude evidence of subsequent drug activity. The appellate court specifically stated that "[t]he logic of showing prior intent or knowledge by proof of <u>subsequent activity</u> escapes us." *Id*. (emphasis added). Here, the government is not seeking to introduce evidence of subsequent activity to show intent or knowledge. Rather, the government seeks to introduce evidence of prior alleged drug activity on Curran's behalf to show his intent and/or knowledge. Accordingly, the request of the Defendant to exclude prior alleged cocaine distribution will be **DENIED.**

### II. United States Notice of Intent to Present Evidence Under Federal Rules of Evidence 404(b) and 609

Pursuant to the Trial Scheduling Order entered on June 16, 2011, the government has timely notified Defendants and the Court of its intention to introduce into evidence pursuant to Rules 404(b) and 609 of the Federal Rules of Evidence (Document No. 655). Defendants have raised a number of objections, which will be addressed seriatim.

5

**I.     David Curran**

   **A.     Prior Felony Convictions**

The government has indicated its intent to present evidence if Curran testifies, pursuant to Rule 609, of Curran's prior felony convictions for (i) Possession with Intent to Deliver a Controlled Substance in Allegheny County Court of Common Pleas in 2006 and (ii) Theft by Unlawful Taking in Allegheny County Court of Common Pleas in 2003.  Without objection, the Court finds that if Curran testifies, evidence of these prior felony convictions appears to be admissible.

   **B.     Driving With a Suspended License**

The government has indicated its intent to present evidence related to the October 22, 2009 and November 12, 2009 traffic stops that Curran was driving on those dates with his license having been previously suspended.  Without objection, the Court finds that evidence that Curran was driving with his license having been suspended on October 22, 2009 and November 12, 2009 will be admissible.

   **C.     Halfway House**

As discussed *supra,* the Court finds that evidence that Defendants Curran and Barndt knew each other from the time they spent incarcerated together at a halfway house prior to 2009 will not be admissible.  Again however, the parties and their attorneys are reminded that the evidence may be admissible at trial based on other evidence and testimony adduced on direct, cross examination or on rebuttal.

D.  Gambling

The government intends to present evidence that Defendant Curran lost a substantial amount of money gambling on sporting events and at casinos in 2009. Without objection, this evidence appears to be admissible with a proper foundation, but not necessarily admissible as Rule 404(b) "other bad act" evidence insofar as gambling is not an illegal activity.

E.  Possession of Firearms

As discussed *supra,* the Court finds that evidence that Defendant Curran possessed firearms to further his cocaine distribution business is relevant because firearms are known to be "tools of the trade" of drug distribution. Thus, evidence of Curran's alleged possession of firearms during the period of the charged cocaine conspiracy will be admissible.

F.  Use of Marijuana

As discussed *supra*, the Court finds that evidence that Defendant Curran consumed marijuana has minimal probative value and the probative value it may have is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. Thus, at this time, the Court finds that evidence of Curran's alleged use of marijuana will not be admissible.

G.  Prior Cocaine Distribution

As discussed *supra*, the Court finds that any evidence of prior cocaine distribution by Defendant Curran is relevant to show intent or knowledge. Thus, this evidence may be admissible with a proper foundation.

## II. Bradley Barndt

### A. Prior Felony Convictions

The government has indicated its intent to present evidence, pursuant to Rules 404(b) and 609, of Barndt's prior felony convictions for Conspiracy and Possession with Intent to Deliver a Controlled Substance in Allegheny County Court of Common Pleas in 2005. Additionally, the government has indicated that if Barndt testifies, it will offer, pursuant to Rule 609, evidence of Barndt's prior felony conviction for Escape in the Allegheny County Court of Common Pleas in 2007. Without objection, the Court finds that if Barndt testifies, evidence of these prior felony convictions will be admissible under Rule 609.

However, Defendant Barndt does object to the admission of his prior cocaine conviction under Rule 404(b). For the same reasons that the Court finds that evidence of Curran's prior alleged cocaine distribution is relevant, the Court finds that evidence of Barndt's prior cocaine conviction is relevant to show intent or knowledge. Thus, this evidence appears to be admissible with a proper foundation.

### B. Halfway House

As discussed *supra*, the Court finds that evidence that Defendants Curran and Barndt knew each other from the time they spent incarcerated together at a halfway house prior to 2009 will likely not be admissible.

### C. Marijuana Use

For the same reasons as the Court has denied the admissibility of evidence that Defendant Curran consumed marijuana, the Court finds that evidence that Defendant Barndt consumed

marijuana has minimal probative value and the probative value it may have is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. Thus, at this time, the Court finds that evidence of Barndt's alleged use of marijuana will likely not be admissible.

**III.     Franco Badini**

    A.    <u>Prior Felony Convictions</u>

The government has indicated its intent to present evidence if Badini testifies, pursuant to Rule 609, of Badini's prior felony convictions for (i) Tampering with Physical Evidence in Allegheny County Court of Common Pleas in 2004 and (ii) Simple Assault in Allegheny County Court of Common Pleas in 2006. Without objection, the Court finds that if Badini testifies, evidence of these prior felony convictions will be admissible.

    B.    <u>Marijuana Use</u>

For the same reasons as the Court has denied the admissibility of evidence that Defendant Curran consumed marijuana, the Court finds that evidence that Defendant Badini consumed marijuana has minimal probative value and the probative value it may have is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. Thus, at this time, the Court finds that evidence of Badini's alleged use of marijuana will not be admissible.

      C.      <u>Prior Cocaine Distribution</u>

The government has indicated that it intends to present evidence that throughout 2007 and 2008, Badini regularly supplied various quantities of cocaine to Shane Hennen and vice versa and that this relationship continued into 2009. For the same reasons that the Court finds that evidence of Curran's prior alleged cocaine distribution is relevant, the Court finds that evidence of prior cocaine distribution by Defendant Badini is relevant to show intent or knowledge. Thus, this evidence appears to be admissible with a proper foundation.

So **ORDERED** this 4th day of August, 2011.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc:    Craig W. Haller
       Assistant U.S. Attorney
       Email: craig.haller@usdoj.gov

       Warner Mariani, Esquire
       Email: marianilaw@mac.com

       Stephen Israel, Esquire
       Israel & Specter
       Email: ispeclaw@fyi.net

       Lee M. Rothman, Esquire
       Email: DifenderferRothmanHaber@yahoo.com