IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | 2: 09-cr-325-05 |
| v. | ) | 2: 14-cv-985 |
| | ) | |
| BRADLEY BARNDT, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Pending before the Court is the MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY (ECF No. 966), filed by Defendant, Bradley Barndt, along with a brief and exhibits in support (ECF No. 967). The government has filed a response in opposition to the motion (ECF No. 970). Accordingly, the motion is ripe for disposition. For the reasons that follow, the motion will be denied without a hearing,1 and no certificate of appealability will be issued.

**I.     Background**

On December 9, 2009, a federal grand jury sitting in the Western District of Pennsylvania returned an eight-count indictment against Barndt and twelve co-defendants. Barndt was charged in Count 1 with Conspiracy to Distribute and Possess with Intent to Distribute 5 Kilograms or More of Cocaine, a Schedule II Controlled Substance, in violation of 21 U.S.C. § 846. At his arraignment, Barndt entered a plea of "not guilty." On March 30, 2010, a federal grand jury returned a superseding indictment, which named three additional defendants and also added an additional count. On April 21, 2010, Barndt again pled "not guilty."

---

1.   A district court has the authority to dismiss a motion to vacate without holding an evidentiary hearing when it is clear from both the motion and the record that the movant is not entitled to relief. See 28 U.S.C. § 2255(b); Rule 4(b) of the Rules Governing § 2255 Proceedings. As more fully explained herein, Barndt has not demonstrated a prima facie entitlement to relief. Accordingly, the Court will resolve this motion without a hearing.

1

Following the filing of a number of pre-trial motions and the guilty pleas of most of Barndt's alleged co-conspirators, this case was scheduled for trial against Barndt and one co-defendant, Franco Badini, on August 8, 2011.[2] About a week before trial was scheduled to commence, the government filed an Information Stating Prior Convictions Pursuant to 21 U.S.C. § 851. On August 8, 2011, voir dire and jury selection took place, and trial began the next day. One week later, the jury found both Barndt and his co-defendant, Badini, guilty of Count 1.

Thereafter, the U.S. Probation Office prepared a Presentence Investigation Report ("PSI"), which was filed on October 24, 2011, with an Addendum filed on November 15, 2011, and a Second Addendum filed on December 21, 2011. According to the PSI, Barndt's total offense level was 32, and his criminal history category was V, which resulted in an advisory guideline range of 188 to 235 months in prison. Because of the filing of the section 851 information, however, Barndt was subject to a mandatory minimum of 20 years. On January 1, 2012, the Court sentenced Barndt to 20 years' imprisonment, to be followed by a term of supervised release of 10 years.

On January 10, 2012, Barndt appealed his conviction and sentence to the United States Court of Appeals for the Third Circuit. After the appeal was filed, Barndt's counsel, Stephen Israel ("counsel"), submitted a brief and a motion to withdraw to the Court of Appeals pursuant to *Anders v. California*, 386 U.S. 738 (1967). On July 31, 2013, the Court of Appeals issued a non-precedential opinion in which it found that all of Barndt's asserted grounds for reversal were frivolous and thus granted counsel's motion to withdraw and affirmed Barndt's conviction and sentence. This motion followed on July 22, 2014.

## II. Discussion

---

2. A third co-defendant, David Curran, was also scheduled to go to trial, but he pled guilty on the morning of jury selection.

Barndt raises three grounds for relief in his motion. First, he argues that he was denied his Sixth Amendment right to effective assistance of counsel during the plea process when counsel allegedly failed to advise him as to whether or not to accept an alleged plea offer from the government and also failed to explain to him his sentencing exposure and the ramifications of not accepting the alleged plea offer. Second, he alleges that he was denied effective assistance of appellate counsel as a result of counsel's failure to file an appellate brief raising the issue of prosecutorial misconduct/vindictive prosecution. Third, he alleges that under *Alleyne v. United States*, --- U.S. ----, 133 S. Ct. 2151 (2013) and the Fifth and Sixth Amendments, the jury, and not the Court, was required to find that Barndt had a prior felony drug conviction, as alleged in the section 851 information, in order to subject him to an increased mandatory minimum sentence. Each asserted grounds for relief will be addressed seriatim.

A. **Ground One**

The Sixth Amendment right to effective assistance of counsel extends to the plea-bargaining process. *Lafler v. Cooper*, --- U.S. ----, 132 S. Ct. 1376, 1384 (2012). "[C]laims of ineffective assistance of counsel in the plea bargain context are governed by the two-part test set forth in *Strickland* [*v. Washington*, 466 U.S. 668 (1984)]." *Missouri v. Frye*, --- U.S. ----, 132 S. Ct. 1399, 1405 (2012) (citing *Hill v. Lockhart*, 474 U.S. 52, 57 (1985)). Under *Strickland*, the defendant "must show that (1) his or her attorney's performance was, under all the circumstances, unreasonable under prevailing professional norms, and, unless prejudice is presumed, that (2) there is a 'reasonable probability that, but for counsel's unprofessional errors, the result would have been different[.]'" *U.S. v. Day*, 969 F.2d 39, 43 (3d Cir. 1992) (quoting *Strickland*, 466 U.S. at 694). In other words, "a defendant must show both unprofessional conduct and, in most cases, prejudice as a result." *Id.*

## 1. Deficient Performance

"[A] defendant has the right to make a reasonably informed decision whether to accept a plea offer." *Id.* (citations omitted). "Knowledge of the comparative sentence exposure between standing trial and accepting a plea offer will often be crucial to the decision whether to plead guilty." *Id.* (citations omitted). As a consequence, a defendant can satisfy *Strickland*'s first prong by showing that his counsel's advice concerning acceptance of a plea bargain was "so insufficient that it undermined [the defendant's] ability to make an intelligent decision about whether to accept the offer." *Id.* at 43-44. Be that as it may, there is no "*per se* rule that defense counsel must always expressly advise the defendant whether to take a plea offer." *Purdy v. U.S.*, 208 F.3d 41, 48 (2d Cir. 2000). For "the ultimate decision whether to plead guilty must be made by the defendant." *Id.* at 45. To appropriately balance these two considerations, "[c]ounsel's conclusion as to how best to advise a client in order to avoid, on the one hand, failing to give advice and, on the other, coercing a plea enjoys a wide range of reasonableness because representation is an art." *Id.* (citing *Strickland*, 466 U.S. at 693).

Barndt alleges that sometime prior to trial the government "offered" him a deal to plead guilty in exchange for a potential 15-year sentence.[3] Def.'s Br. at 3, ECF No. 967. Although he was told of the purported offer, he claims that counsel "failed to give [him] any legal advice to accept the offer, and (2) he failed to inform as well as explain to [him] the possibility that he could be sentenced to a life term of imprisonment in the event of a guilty verdict after trial." *Id.* at 4. As a result, he claims that he believed "that [he] could receive no more than a 20 year term of incarceration as that is what Mr. Israel told [him]." Def.'s Aff. at 2, ECF No. 967-1.

The Court finds that Barndt's allegations, even accepted as true, do not rise to the level

---

3. As will be discussed below, the government argues that it never made Barndt a formal offer to plead guilty to a 15-year sentence.

necessary to satisfy the first requirement of *Strickland* or even to warrant a hearing. Barndt has not alleged that he was misled; nor was he erroneously advised what his likely sentence would be during the plea-bargaining process. Rather, according to his own affidavit, he was advised by counsel that he faced a 20-year sentence if he proceeded to trial and was convicted, and, in fact, he was sentenced to 20 years in prison, just as counsel advised him he could be. Even if counsel never specifically informed him of the possibility of a life sentence (i.e., the statutory maximum sentence) – a sentence that was not even within the realm of discussion during the plea-bargaining stage or any time thereafter – he was informed of that possibility at his arraignment on both the original and superseding indictments, in the original and superseding indictment memoranda, and in the pre-plea investigation report, which was prepared by the Probation Office at counsel's request. He, therefore, knew full well the likely consequence of going to trial vis-à-vis the likely consequence of accepting the alleged plea agreement, so as to enable him to make an informed decision whether to enter a guilty plea or go to trial. That is all that was constitutionally required.

### 2. Prejudice

Assuming that Barndt could establish that his counsel gave him insufficient advice regarding whether to accept the government's alleged offer, he would still have to show that he was prejudiced by any such error. To establish prejudice "[i]n the context of pleas a defendant must show the outcome of the plea process would have been different with competent advice." *Lafler*, 132 S. Ct. at 1384 (citing *Frye*, 132 S. Ct. 1399; *Hill*, 474 U.S. at 59). That is,

> a defendant must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence

5

that in fact were imposed.

*Id.* at 1385. All of this, of course, presupposes the existence of an actual plea offer. *See U.S. v. Smith*, No. 04-229, 2009 WL 1578058, at *5 (E.D. Pa. June 5, 2009) (citations omitted) ("Several district court cases from the Third Circuit. . . have recognized that the petitioner must provide some evidence that a plea was offered by the Government, not simply speculation that a deal would have been offered.").

Barndt has submitted an affidavit in which he declares that he would have pled guilty had counsel "explained to [him] that [he] was facing the very real possibility of a life sentence." Def.'s Aff. at 2, ECF No. 967-1. As the government argues, however, there was never a formal plea offer on the table. The Assistant U.S. Attorney ("AUSA") merely floated the possibility in an e-mail to counsel that Barndt might be able to enter a guilty plea in exchange for a recommended 15-year sentence. Govt.'s Resp., Ex. 4, ECF No. 970-4. Any deal still would have been subject to the approval of the AUSA's supervisors before it could have been extended to Barndt in the form of a formal plea offer letter, *id.*, thereby decreasing the likelihood that a deal would have ever actually been presented to the Court for approval.

The Court need not dwell on the lack of a formal offer, however. Even if the Court construes the preliminary communications between the AUSA and Barndt's counsel as an offer, the Court would still conclude that he has not plausibly alleged that he would have pled guilty pursuant to the offer's terms – his self-serving affidavit to that effect notwithstanding. Barndt consistently maintained throughout trial, at sentencing, and on appeal that there was insufficient evidence to link him to the alleged cocaine trafficking conspiracy. *See, e.g.*, Sentencing Hr'g Tr. 13, ECF No. 872 ("The government has all the evidence to show that if a conspiracy did exist, it was for marijuana, not cocaine, as proved by the search warrant executed at my house on

6

December 15, 2009."). It strains credulity that he would have ceded that position had he been specifically informed by counsel of the possibility, however negligible, of a life sentence when he refused to do so when faced with the knowledge of an almost certain 20-year sentence. He appears to have made a calculated decision, based on a perceived weakness in the government's case against him, to risk going to trial because the "break" offered in the purported plea agreement was insubstantial to him. He has not sufficiently alleged a basis for undoing the result of that informed decision.

### B. Ground Two

Next, Barndt argues that his appellate counsel was ineffective for failing to raise a prosecutorial misconduct/vindictive prosecution argument on appeal. The gist of this argument is that the government acted improperly by allegedly threatening to file a section 851 information to punish Barndt's refusal to cooperate in the prosecution of his co-defendants.

This argument is without merit. In fact, the Court addressed this very same argument that Barndt now makes in denying a motion to vacate filed on behalf of Barndt's co-defendant, Badini, and its decision was subsequently affirmed by the Court of Appeals. *U.S. v. Badini*, No. 09–00325–14, 2012 WL 43630, at *2 (W.D. Pa. Jan. 9, 2012), *aff'd*, 525 F. App'x 190 (3d Cir. 2013). Like Barndt, Badini argued that "the government's decision to file the section 851 Information after unsuccessful plea negotiations constitutes vindictive prosecution." *Id.* Rejecting that argument, this Court explained:

> The United States Supreme Court has held that "to punish a person because he has done what the law clearly allows him to do is a due process violation of the most basic part." *Bordenkircher v. Hayes*, 434 U.S. 357, 363 (1978). However, the Supreme Court also clarified that "in the give-and-take of plea bargaining, there is no such element of punishment so long as the accused is free to accept or reject the prosecution's offer." *Id.* The Supreme Court reiterated that "[w]hile confronting a defendant with the risk of more severe punishment clearly may have a discouraging effect on the defendant's assertion of trial rights,

7

the imposition of these difficult choices [is] an inevitable – and permissible – attribute of any legitimate system which tolerates and encourages the negotiation of pleas." *Id.* at 364 (internal citations omitted). Further, the Supreme Court has declined to adopt a presumption of vindictiveness when the government seeks to enhance a defendant's sentence in response to a defendant's decision to proceed to trial. *United States v. Goodwin*, 457 U.S. 368, 384 (1982). *See also United States v. Oliver*, 787 F.2d 124, 126 (3d Cir. 1986) (there is no presumption of vindictiveness where the defendant makes a free, informed decision not to cooperate and the decision to prosecute is "based upon the usual determinative factors.")

Without a presumption of vindictiveness, a defendant can establish a violation of his due process rights only by demonstrating actual vindictiveness. *See United States v. Esposito*, 968 F.2d 300, 306–07 (3d Cir. 1992) ("where a prosecutor's conduct is equally attributable to legitimate reasons, a defendant must show actual vindictiveness for a presumption will not apply.") Acknowledging that the presumption of vindictiveness does not apply in this case, Defendant argues that he is entitled to relief based on actual vindictiveness. According to Defendant, the government filed the section 851 Information, not for any good reasons, but rather to punish Defendant Badini for refusing to appear as a government witness. Mot. at ¶ 55. The Court finds that Defendant Badini has failed to establish a prima facie case for actual vindictiveness.

Defendant's argument that the government threatened to file a sentence enhancement during plea negotiations is foreclosed by *Bordenkircher*. In that case, the Supreme Court faced identical circumstances where a prosecutor added recidivist charges after a defendant refused to accept a plea bargain. *Bordenkircher*, 434 U.S. at 364–65. The Supreme Court specifically held that the government is entitled to induce a plea bargain by promising to reduce charges already filed or by threatening a greater penalty upon conviction after trial. *Id.* at 363. Defendant Badini has not alleged that the government's decision was based on improper standards such as race, religion, or other arbitrary classification. *See Bordenkircher*, 434 U.S. at 364.

*Id.* at *2-3.

This reasoning applies with equal force to Barndt's claim of vindictive prosecution. The Court recognizes that there is a significant disparity between the sentence to which Barndt was exposed before the filing of the section 851 information and after the filing of said information, but the government was permitted to use the fact that Barndt had a prior felony drug conviction as "a bargaining chip during plea negotiations. While the threat of a sentence enhancement

8

undoubtedly impacted the dynamics of the plea negotiations, the Court finds that [Barndt] has produced no evidence which suggests that the threat or subsequent filing of the section 851 Information was vindictive." *Id.* at *3. Because his prosecutorial misconduct/vindictive prosecution argument is baseless, Barndt's counsel was not ineffective for not raising it before the Court of Appeals.[4]

### C. Ground Three

Finally, Barndt alleges that under *Alleyne*, the Court engaged in improper judicial fact finding when it found that he had a prior felony drug conviction and, in turn, sentenced him to a mandatory minimum of 20 years' imprisonment instead of the 10 years' imprisonment he would have received had the section 851 information not been filed. In *Alleyne*, the Supreme Court held that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." 133 S. Ct. at 2155 (citing *Apprendi v. New Jersey*, 530 U.S. 466 (2000)). According to Plaintiff, because his mandatory minimum was increased by his prior conviction, the prior conviction was an "element" that had to be submitted to the jury.

---

4. At least based on the limited record before the Court, there does appear to have been, at a minimum, some degree of miscommunication or misunderstanding between Barndt's counsel and Barndt regarding whether to raise the vindictive prosecution issue on appeal. As Barndt points out, counsel did advise him a via letter that explained why many of his proposed appellate arguments lacked merit and that "a more effective attack on [his] sentence will take the government to task for filing the 851 information as a punishment for your refusal to cooperate." Def.'s Br. at 10 (ECF No. 967). Counsel had apparently "researched that issue and found considerable support for it in the federal cases." *Id.* Despite making these representations to Barndt, however, counsel never raised this issue on appeal and made no mention whatsoever of it in his *Anders* brief. It is not clear from the record why he chose not to or whether there were additional communications between Barndt and counsel offering an explanation. If Barndt never received any explanation from counsel as to why the issue would not be pursued, even after it was initially described as a potentially winning argument, the Court understands why he might feel as though something were amiss. In any event, it was not ineffective assistance for Barndt's counsel to ultimately decline to raise the issue on appeal because, it turns out, the argument was baseless.

As with the others, this argument fails. The Third Circuit Court of Appeals has twice made clear that the *Alleyne* Court did not announce a new rule of law that applies retroactively to cases on collateral review, such as Barndt's. *See U.S. v. Reyes*, 755 F.3d 210, 212 (3d Cir. 2014); *U.S. v. Winkelman*, 746 F.3d 134, 136 (3d Cir. 2014). Even if *Alleyne* were applicable in this setting, the result here would be the same: "[s]tated simply, *Alleyne* does nothing to alter the rule that, for sentencing enhancement purposes, the fact of a prior conviction need not be submitted to a jury." *Shaw v. U.S.*, No. 10-204, 2014 WL 2719661, at *3 (M.D. Pa. June 13, 2014) (citing *U.S. v. Cooper*, 739 F.3d 873, 884 (6th Cir. 2014); *U.S. v. Wright*, No. 05–619–1, 2013 WL 5707876, at *4 n.22 (E.D. Pa. Oct. 18, 2013)); *see also Almendarez-Torres v. U.S.*, 523 U.S. 224 (1998). Accordingly, this claim will be denied.

### III. Conclusion

For the reasons hereinabove stated, Barndt's motion will be **DENIED** and Civil Action No. 14-985 will be docketed as **CLOSED**. Furthermore, a certificate of appealability will not be issued because Barndt has not "made a substantial showing of the denial of a constitutional right." 28 U .S.C. § 2253(c)(2).

McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | 2: 09-cr-325-05 |
| v. | ) | 2: 14-cv-985 |
| | ) | |
| BRADLEY BARNDT, | ) | |
| Defendant. | ) | |

## ORDER OF COURT

**AND NOW**, this 22nd day of August, 2014, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY (ECF No. 966) filed by Bradley Barndt is **DENIED**, and no certificate of appealability shall issue because Barndt has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). It is **FURTHER ORDERED** that Civil Action No. 14-985 shall be docketed as **CLOSED**.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc: Craig W. Haller, Assistant U.S. Attorney
Email: craig.haller@usdoj.gov

Bradley Barndt, *Pro Se*
#30703-068
FCI Ray Brook,
P.O. Box 900,
Ray Brook, NY 12977